# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-CR-15-2-JED |
| JASMINE LYNCH, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is defendant Jasmine Lynch's motion to vacate, set aside, or correct sentence, filed under 28 U.S.C. § 2255 (Doc. 72). In 2016, Ms. Lynch pleaded guilty to Sex Trafficking of a Child in violation of 18 U.S.C. § 1591(a)(1), which subjected her to a mandatory term of "imprisonment for not less than 10 years" to a maximum of life under § 1591(b)(2). On September 14, 2016, she was sentenced to the mandatory minimum of 120 months' imprisonment, and Judgment was entered that same date. (Doc. 65). She did not file a direct appeal. The instant § 2255 motion was filed on November 21, 2017.

Section 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). As applied to Ms. Lynch's assertions in her motion, the limitations period began to run on "the date on which the judgment of conviction bec[ame] final." *Id.*, § 2255(f)(1). "If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). The Court entered judgment on September 14, 2016. Ms. Lynch had 14 days to file a notice of appeal. Her conviction therefore became final on September 28, 2016, and she had until

September 28, 2017 to file a § 2255 motion. She did not file her § 2255 motion until November, 2017, over a month after the § 2255 statute of limitations expired.[1]

Ms. Lynch has provided no facts or argument to indicate that a later date should apply or that circumstances exist to toll the statute of limitations. *See* 28 U.S.C. § 2255(f)(2), (3), (4); *see also United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006) (the limitations period begins to run when the movant's conviction became final unless the movant shows it should begin at a later time); *United States v. Terrones-Lopez*, 447 F. App'x 882, 884-85 (10th Cir. 2011). Specifically, Ms. Lynch did not provide *any* information in section 18 of her § 2255 motion, which states: "TIMELINESS OF MOTION: If your judgment of conviction became final over a year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." (Doc. 72 at 10-11 of 13). Her motion is untimely, and it is accordingly **denied**.

SO ORDERED this 15th day of December, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[1] Ms. Lynch's § 2255 motion contained a declaration that she placed the motion in the prison mailing system on November 11, 2017. (*See* Doc. 72 at 12). Pursuant to Rule 3(d) of the Rules Governing § 2255 Proceedings, "timely filing [of a § 2255 motion] may be shown by a declaration" setting forth the date of deposit in the prison mailing system. Because the statute of limitations expired on September 28, 2017, her certification of mailing on November 11, 2017 – which was over a month after the expiration of the limitations period – does not show timely filing.